**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 5:17-CR-53 (MTT)** |
| | ) | |
| **BO DUKES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

The Defendant, appearing *pro se*, has moved for a "judicial recommendation for retroactive concurrent designation." ECF 23. For the following reasons, the Defendant's motion is **DENIED.**

## I. DISCUSSION

On December 4, 2018, the Defendant was adjudicated guilty of two violations of the Defendant's supervised release conditions. ECF 17. The Defendant was thus sentenced to six months' imprisonment. *Id.* At the time of the revocation of supervised release, the Defendant's state charges were pending, but no sentence had yet been imposed. ECF 23 at 1. Months later, the Defendant was sentenced in state court to 25 years of incarceration. *Id.*

The Defendant now asks this Court to retroactively designate the six-month federal sentence as concurrent and satisfied by his time spent in his current state facility. *Id.* In other words, the Defendant asks this Court to designate the state facility where he is currently serving his 25-year sentence as the place for "service" of the federal sentence. *Id.* The Government opposes the Motion, contending that the correct procedure requires the Defendant to make an initial request with the Bureau of Prisons. ECF 24 at 2. The Bureau would then seek the Court's input. *Id.*

The Court agrees. The Bureau of Prisons policy statement provides that, as a result of *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), “the Bureau considers an inmate’s request for credit toward a federal sentence for time spent in state custody and credited to a state sentence, as a request for a nunc pro tunc designation.” *See* BOP Program Statement 5160.06 (Sept. 3, 2026). The Bureau must consider the request but is under no obligation to grant it. *Id*. The “Sentence Computation Section Chief will send a letter to the federal sentencing court inquiring as to the court’s position regarding a retroactive designation.” *Id.* Thus, the Defendant must first seek relief from the Bureau of Prisons.

## II. CONCLUSION

Accordingly, the Defendant’s motion for a “judicial recommendation for retroactive concurrent designation” (ECF 23) is **DENIED**.

**SO ORDERED**, this 18th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT